**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4327

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS ROSS STRICKLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   James C. Fox, Senior District Judge.   (7:04-cr-00034-F)

Submitted:  November 30, 2006      Decided:  December 27, 2006

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In May 2004, Thomas Ross Strickland pled guilty and was convicted of possession of a firearm by a convicted felon. He was sentenced to twelve months of imprisonment and thirty-six months of supervised release. In February 2006, Strickland's probation officer filed a petition to revoke Strickland's supervised release because Strickland had tested positive for marijuana on a number of occasions. At his revocation hearing, Strickland did not contest the allegations. The district court found that Strickland committed the charged violations and revoked his supervised release. The court sentenced Strickland to twenty-four months in prison, the statutory maximum. On appeal, Strickland contends that the district court erred when it imposed a sentence outside the range recommended by the Chapter 7 advisory policy statement because, the court stated, a longer sentence would increase the likelihood that Strickland would be given the opportunity to enter the Bureau of Prisons' residential intensive drug treatment program. We affirm.

We recently held in United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), that we review sentences imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable." In this case, Strickland's sentence was within the applicable statutory maximum, the court considered the Chapter 7 advisory guideline range of five to eleven months, and

the court stated a proper basis for its decision to sentence Strickland to twenty-four months in prison. See Crudup, 461 F.3d at 440. Specifically, the court stated that it believed Strickland was addicted to marijuana and needed intensive drug treatment. The court imposed a sentence that was calculated to increase the likelihood that Strickland would receive such treatment. Because Strickland's sentence was neither procedurally nor substantively unreasonable, we find that his sentence is not plainly unreasonable.

Accordingly, we affirm the district court's order revoking Strickland's supervised release and imposing a twenty-four month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED